# jackson|lewis

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis P.C.
58 South Service Road
Suite 250
Melville, New York 11747
Tel 631 247-0404
Fax 631 247-0417
www.jacksonlewis.com

| | | | |
|---|---|---|---|
| ALBANY, NY | DETROIT, MI | MILWAUKEE, WI | RALEIGH, NC |
| ALBUQUERQUE, NM | GRAND RAPIDS, MI | MINNEAPOLIS, MN | RAPID CITY, SD |
| ATLANTA, GA | GREENVILLE, SC | MONMOUTH COUNTY, NJ | RICHMOND, VA |
| AUSTIN, TX | HARTFORD, CT | NEW ORLEANS, LA | SACRAMENTO, CA |
| BALTIMORE, MD | HONOLULU, HI* | NEW YORK, NY | SALT LAKE CITY, UT |
| BERKELEY HEIGHTS, NJ | HOUSTON, TX | NORFOLK, VA | SAN DIEGO, CA |
| BIRMINGHAM, AL | INDIANAPOLIS, IN | OMAHA, NE | SAN FRANCISCO, CA |
| BOSTON, MA | JACKSONVILLE, FL | ORANGE COUNTY, CA | SAN JUAN, PR |
| CHARLOTTE, NC | KANSAS CITY REGION | ORLANDO, FL | SEATTLE, WA |
| CHICAGO, IL | LAS VEGAS, NV | PHILADELPHIA, PA | SILICON VALLEY, CA |
| CINCINNATI, OH | LONG ISLAND, NY | PHOENIX, AZ | ST. LOUIS, MO |
| CLEVELAND, OH | LOS ANGELES, CA | PITTSBURGH, PA | TAMPA, FL |
| DALLAS, TX | MADISON, WI | PORTLAND, OR | WASHINGTON, DC REGION |
| DAYTON, OH | MEMPHIS, TN | PORTSMOUTH, NH | WHITE PLAINS, NY |
| DENVER, CO | MIAMI, FL | PROVIDENCE, RI | |

*through an affiliation with Jackson Lewis P.C., a Law Corporation

DIRECT DIAL: (631) 247-4661
EMAIL ADDRESS: NOEL.TRIPP@JACKSONLEWIS.COM

December 19, 2019

**VIA ECF**

Hon. Joan M. Azrack
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 920
Central Islip, NY 11722

Re: *Marcos Mejia v. Gulf2Bay Softwash Corp., et al.*
Civil Case No.: 19-cv-05286

Dear Judge Azrack:

As counsel for Defendants Gulf2Bay Softwash Corp., North American Chiminey & Gutter Corp. (the "Corporate Defendants") and David F. Jarett (the "Individual Defendant," together with the Corporate Defendants the "Defendants") in the above-referenced action, we write further to the Defendants' prior pre-motion application (Dkt. 9, "Pre-Motion Letter"), as well as Plaintiff's response letter (Dkt. 10) and Amended Complaint (Dkt. 11), to renew the Defendants' request for a pre-motion conference and for permission to move to dismiss Plaintiff's Amended Complaint. Plaintiff's amendment fails to cure the defects discussed in the Pre-Motion Letter and below, and must be dismissed.

### I. Plaintiff's Single, Slightly Modified Allegation Regarding Overtime Work Fails to State A Claim Under the FLSA

The Amended Complaint amplifies Plaintiff's allegations regarding her hours worked *on information and belief* as set forth in Exhibit A hereto (redline added). Dkt. 11. But, the new allegations simply allege work in "excess" of an overtime threshold, without identifying specific days and hours. And indeed, the dates provided are not weeks, but specific *days*, and not even the same day of the week:

| Paragraph | Date | Day of the Week |
|---|---|---|
| ¶ 39 | February 5, 2019 | Tuesday |
| ¶ 39 | March 5, 2019 | Tuesday |

**jackson|lewis**

Hon. Joan M. Azrack
USDC/EDNY
December 19, 2019
Page 2

| ¶ 39 | April 9, 2019 | Tuesday |
|---|---|---|
| ¶ 43 | April 28, 2019 | Sunday |
| ¶ 43 | May 20, 2019 | Monday |
| ¶ 43 | June 2, 2019 | Sunday |

Information providing factual specifics regarding one or more overtime workweeks is required, as the Second Circuit just reiterated. *Bonn-Wittingham v. Project OHR, Inc.*, No. 18-1781, 2019 U.S. App. LEXIS 35110 (2d Cir. Nov. 25, 2019)(affirming dismissal of an FLSA Complaint and noting that "the district court was under no obligation to accept as true [plaintiffs'] statement, amounting to a bare legal conclusion, that they worked in excess of forty hours"). *Id.* at *6. Additionally, as Judge Crotty reiterated in an FLSA opinion just this week, a Plaintiff should only plead upon information and belief "where the facts are peculiarly within the possession and control of the defendant." *Acharya v. 7-Eleven, Inc.*, No. 1:18-cv-08010-PAC, 2019 U.S. Dist. LEXIS 215425 (S.D.N.Y. Dec. 13, 2019)(dismissing joint employer allegations as inadequately pled). That is not the case here, and Plaintiff should be required to briefly but plainly describe one or more workweeks and the hours he worked.

## II. Plaintiff's Amended Complaint Fails to Plead a Viable Collective Action

Plaintiff's *Iqbal* pleading obligations extend to the putative collective action as well. While this burden is not onerous, it is well established that sweeping and conclusory legal conclusions regarding similarly situated workers are not enough. Therefore, the collective action allegations separately fail. *Pickering v. Lorillard Tobacco Co.*, 2011 U.S. Dist. LEXIS 3647 (M.D. Ala. Jan. 13, 2011)(dismissing putative collective allegations as to purported group of "sales representatives"). Plaintiff's Amended Complaint contains no such facts. It contains several conclusory references to "similarly situated" employees (e.g. ¶¶ 37, 42) and then makes reference to the FLSA Collective Action Plaintiffs, an undefined term. This is not enough factual glue for the Court to conclude that it is "plausible" that such group is similarly situated.

\* \* \* \* \* \* \* \*

Accordingly, Defendants respectfully renew their request for a pre-motion conference regarding their anticipated motion to dismiss the Amended Complaint.

Respectfully submitted,

JACKSON LEWIS P.C.

Noel P. Tripp

NPT:dc
cc:    Counsel of Record (*via ECF*)

4822-8135-8510, v. 3