# jackson|lewis.

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis P.C.
58 South Service Road
Suite 250
Melville, New York 11747
Tel 631 247-0404
Fax 631 247-0417
www.jacksonlewis.com

| ALBANY, NY | DETROIT, MI | MILWAUKEE, WI | RALEIGH, NC |
|---|---|---|---|
| ALBUQUERQUE, NM | GRAND RAPIDS, MI | MINNEAPOLIS, MN | RAPID CITY, SD |
| ATLANTA, GA | GREENVILLE, SC | MONMOUTH COUNTY, NJ | RICHMOND, VA |
| AUSTIN, TX | HARTFORD, CT | NEW ORLEANS, LA | SACRAMENTO, CA |
| BALTIMORE, MD | HONOLULU, HI* | NEW YORK, NY | SALT LAKE CITY, UT |
| BERKELEY HEIGHTS, NJ | HOUSTON, TX | NORFOLK, VA | SAN DIEGO, CA |
| BIRMINGHAM, AL | INDIANAPOLIS, IN | OMAHA, NE | SAN FRANCISCO, CA |
| BOSTON, MA | JACKSONVILLE, FL | ORANGE COUNTY, CA | SAN JUAN, PR |
| CHARLOTTE, NC | KANSAS CITY REGION | ORLANDO, FL | SEATTLE, WA |
| CHICAGO, IL | LAS VEGAS, NV | PHILADELPHIA, PA | SILICON VALLEY, CA |
| CINCINNATI, OH | LONG ISLAND, NY | PHOENIX, AZ | ST. LOUIS, MO |
| CLEVELAND, OH | LOS ANGELES, CA | PITTSBURGH, PA | TAMPA, FL |
| DALLAS, TX | MADISON, WI | PORTLAND, OR | WASHINGTON, DC REGION |
| DAYTON, OH | MEMPHIS, TN | PORTSMOUTH, NH | WHITE PLAINS, NY |
| DENVER, CO | MIAMI, FL | PROVIDENCE, RI | |

*through an affiliation with Jackson Lewis P.C., a Law Corporation

MY DIRECT DIAL IS: 631-247-4661
MY EMAIL ADDRESS IS: NOEL.TRIPP@JACKSONLEWIS.COM

December 20, 2019

**VIA ECF**

Hon. A. Kathleen Tomlinson
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 914
Central Islip, NY 11722

Re: *Marcos Mejia v. Gulf2Bay Softwash Corp., et al.*
Civil Case No.: 19-cv-05286

Dear Magistrate Judge Tomlinson:

  As counsel for Defendants in the above-referenced Fair Labor Standards Act ("FLSA") matter, we write in response to Plaintiff's premature application to Your Honor for conditional certification of an FLSA collective action (Dkt. 12) to request that the motion be marked off until such time as issue is joined. Yesterday, Defendants renewed their request to Judge Azrack for a pre-motion conference regarding Defendants' anticipated motion to dismiss Plaintiff's deficient individual and collective action FLSA allegations. Dkt. 13. That motion practice should precede in time any conditional certification motion practice. *See Kwan, et al. v. Sahara Dreams Co. II Inc.*, SDNY 17-4058, Dkt. 57 at 1 (June 22, 2018) ("it make[s] no sense to consider certification of a collective or a class prior to a determination of whether the amended complaint states a claim"); *Diombera, et al. v. The Riese Organization, Inc., et al.*, SDNY 12-8477, Dkt. 41 at 3 (April 12, 2013)("the Court granted Defendants' request for leave to file a motion to dismiss the Complaint. Until that motion has been resolved, the Court will not consider a motion for conditional certification").[1] Indeed, the parties hereto already discussed and entered into one FLSA tolling agreement so that any procedural delay associated with such motion practice did not prejudice any putative absent collective members (should the Court later determine such collective action is possible).

---

[1] These orders are attached as Exhibit A hereto.

**jackson|lewis.**

We request that the motion be denied as premature, and remain available for a status conference before the Court as appropriate.

Respectfully submitted,

JACKSON LEWIS P.C.

Noel P. Tripp

NPT:dc
cc: Delvis Melendez, Esq. (*via ECF*)

4846-4543-2239, v. 3

# EXHIBIT A

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
CHUI-FAN KWAN, on behalf of            :
herself and others similarly
situated, also known as                :
"Connie Kwan,"
                                       :   17 Civ. 4058 (RA)(HBP)
                Plaintiff,
                                       :   ORDER
     -against-
                                       :
SAHARA DREAMS CO. II INC.,
formerly known as "Sahara Dreams       :
Co. Inc.," formerly known as
"Sahara Dreams Limited,"               :
doing business as, "Dream
Hotel Downtown," et al.,               :

                Defendants.            :
-----------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/22/18

PITMAN, United States Magistrate Judge:

Three motions are currently pending in this matter: (1) defendants' motion to dismiss the amended complaint (Docket Item ("D.I.") 42); (2) plaintiff's motion for conditional certification of a collective pursuant to 29 U.S.C. § 216(b) (D.I. 48), and (3) plaintiff's motion for certification of a class pursuant to Fed.R.Civ.P. 23 (D.I. 52).

Because it make no sense to consider certification of a collective or a class prior to a determination of whether the amended complaint states a claim, further briefing on plaintiff's motions for conditional certification of a collective pursuant to

29 U.S.C. § 216(b) and for certification of a class pursuant to Fed.R.Civ.P. 23 is stayed pending further order of the court.

Defendants shall serve and file their reply in further support of their motion to dismiss no later than July 11, 2018.

Defendants' motion for a stay of discovery pending resolution of the motion to dismiss is granted in part and denied in part. Pending resolution of the motion to dismiss, discovery shall be limited to document discovery.

Dated: New York, New York
June 22, 2018

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel

2

# MEMO ENDORSED



475 Park Avenue South, 12th Floor • New York, New York 10016

Telephone: (212) 300-0375 • Facsimile: (212) 481-1333 • www.fslawfirm.com

**VIA E-MAIL**
Hon. Richard J. Sullivan, U.S.D.J.
United States District Court, S.D.N.Y.
500 Pearl Street
New York, New York 10007

April 11, 2013

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-12-13
```

    Re:    *Cisse Diombera v. The Riese Organization, Inc. et al.*
             *Civil Action No.: 12 Civ. 8477 (RJS)*
             *F&S File No.: 66-335*
             *Assigned Attorney: Joseph A. Fitapelli*

Dear Judge Sullivan:

    We represent Plaintiffs and a putative class of Tipped Restaurant Workers who have worked for Defendants' ten T.G.I. Fridays locations in Manhattan owned and operated by the Riese Organization (collectively "Fridays"). We write pursuant to Section 2(A) of Your Honor's Individual Rules of Practice to respectfully request a pre-motion conference in advance of Plaintiffs' anticipated motion for conditional certification and issuance of court authorized notice pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

    Plaintiffs allege that Defendants own, operate and control the Fridays Restaurants and underpaid Plaintiffs and a class of similarly situated employees in violation of the FLSA. In particular, Plaintiffs allege that Fridays:

    (1)    Failed to pay Plaintiffs the required minimum wage as mandated by 29 U.S.C. § 206(a) and § 203(m);

    (2)    Deprived Plaintiffs of premium overtime compensation pursuant to the FLSA for hours worked in excess of forty per workweek according to 29 U.S.C. § 207.

    Under the FLSA, employees may maintain collective actions to recover unpaid wages where the employees are "similarly situated" and give consent to become a party in a writing filed with the court. *Amador v. Morgan Stanley & Co. LLC*, No. 11 Civ. 4326 (Sullivan, J.), 2013 WL 494020, at *2 (S.D.N.Y. Feb. 7, 2013). At the initial stage of a lawsuit, before discovery has begun, courts apply a "lenient standard" to determine whether plaintiffs have met their "minimal" burden of showing that the similarly situated requirement is met. *Karic v. The Major Automotive Companies, Inc.*, 799 F.Supp.2d 219 (E.D.N.Y. 2011). As such, plaintiffs need only make a "modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *In re Penthouse*

Fitapelli & Schaffer, LLP
April 11, 2013
Page 2 of 3

*Executive Club Comp. Litig.*, 10 Civ. 1145 (NRB), 2010 WL 4340255 (S.D.N.Y. Oct. 27, 2010) (*quoting Hoffmann v. Sbarro, Inc.*, 982 F.Supp. 249, 261 (S.D.N.Y. 1997)). "Plaintiffs may satisfy this requirement by relying on their own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members." *Amador*, 2013 WL 494020, at *2 (*quoting Hallissey v. Am. Online, Inc.*, No. 99 Civ. 3785 (KTD), 2008 WL 465112, at *1 (S.D.N.Y. Feb.19, 2008)). Further, it is sufficient to show that plaintiffs were all subject to the same unlawful policy, regardless of how widespread the effects. *Spencer v. No Parking Today, Inc.*, No. 12 Civ. 6323 (ALC) (AJP), 2013 WL 1040052, at *8 (S.D.N.Y. Mar. 15, 2013) (*citing Amador*, 2013 WL 494020 at *8).

Moreover, courts have found employees who worked at separate locations operated by a common employer to be "similarly situated" for purposes of authorizing notice of the litigation. *See Khamsiri v. George & Frank's Japanese Noodle Rest. Inc.*, No. 12 Civ. 265 (PAE), 2012 WL 1981507, at *n1 (S.D.N.Y. June 1, 2012) (permitting conditional certification to restaurants where plaintiff had not worked because plaintiff had alleged that the restaurants were jointly owned and operated as a common enterprise); *Karic*, 799 F.Supp.2d at 227 (permitting notice to car dealerships where plaintiffs did not work since plaintiffs' declarations indicated the "same pattern of behavior as to all Major World entities"); *Capsolas, et al. v. Pasta Resources, Inc.*, No. 10 Civ. 5595 (RJH), 2011 WL 1770827 (S.D.N.Y. May 8, 2011) (authorizing notice to all of defendants' restaurants, including those where plaintiffs had not worked, because the restaurants shared a common ownership); *see also Garcia v. Pancho Villa's of Huntington Vill.*, 678 F. Supp. 2d 89 (E.D.N.Y. 2010) (court certified class of restaurant workers across three restaurants, even though all of the named plaintiffs worked at the same restaurant).

Additionally, since the statute of limitations applicable to each putative collective member's FLSA claim continues to run until she opts in to the action by filing a written consent, the timing of notice is of great significance. *See Pippins v. KPMG LLP*, No. 11 Civ. 0377 (CM) (JLC), 2012 WL 19379 (S.D.N.Y. Jan. 3, 2012). As a result, "courts have endorsed the sending of notice early in the proceeding, as a means of facilitating the FLSA's broad remedial purpose and promoting efficient case management." *Sbarro*, 982 F. Supp. at 262.

Here, the limited discovery conducted to date has revealed that Defendant The Riese Organization Inc., created and implemented all wage and hour policies and practices for each of the Fridays restaurants. As a result, Plaintiffs will show that Defendants subjected them and their similarly situated co-workers to the same unlawful compensation policies including a failure to pay the appropriate minimum wage rate for all hours worked and failure to pay premium overtime compensation when they worked over forty hours per workweek. Moreover, given that thirteen individuals from five Friday's locations have already opted-in to this action, and many more have expressed an interest in joining, Plaintiffs will have no problem making a modest factual showing that Defendants' violations of the FLSA were the result of systematic company-wide policies that equally affected Plaintiffs and potential opt-in plaintiffs. Courts in this Circuit routinely authorize notice where plaintiffs allege that they and similarly situated employees were victims of the same or very similar violations. *See, e.g., Amador*, 2013 WL 494020, at *8 (conditionally certifying a class of client services associates where plaintiffs were able to establish a common *de facto* policy or practice); *Paguay v. Barbasso, Inc.*, No. 11 Civ. 6266

Fitapelli & Schaffer, LLP
April 11, 2013
Page 3 of 3

---

(LTS) (HBP), 2012 WL 2914288, at *2 (S.D.N.Y. July 17, 2012) (approving conditional certification where employees were paid in cash, did not receive minimum wage, and did not receive overtime compensation for hours worked over forty each week); *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 322 (S.D.N.Y. 2007) ("Conditional class certification is appropriate here where all putative class members are employees of the same restaurant enterprise and allege the same types of FLSA violations").

Therefore, to further the FLSA's broad remedial goals, all individuals who worked at The Riese Organization's T.G.I. Firday's restaurants in New York as Servers, Bussers, Runners, Bartenders, Barbacks, and other tipped workers from November 20, 2009 to the present should be notified of the lawsuit and presented with the opportunity to join this action to assert their FLSA claims as soon as practicable. As a result of the foregoing, we respectfully request that the Court schedule a pre-motion conference to discuss the issue of Plaintiffs' anticipated motion for conditional collective action certification and court authorized notice pursuant to FLSA § 216(b).

We thank the Court for its consideration of our request.

Respectfully yours,

Joseph A. Fitapelli

cc: Defense counsel (via email).

On January 22, 2013, the Court granted Defendants' request for leave to file a motion to dismiss the Complaint. Until that motion has been resolved, the Court will not consider a motion for conditional certification. Accordingly, Plaintiffs' request for a pre-motion conference is DENIED without prejudice to renewal after the resolution of Defendants' motion to dismiss.

SO ORDERED
Dated: 4/11/13
RICHARD J. SULLIVAN
U.S.D.J.