LAW OFFICES OF DELVIS MELENDEZ, P.C

90 BRADLEY ST. BRENTWOOD, New York, 11717

631-434-1443

December 27, 2019

Honorable Judge Magistrate Tomlinson
United State District Judge
100 Federal Plaza, Courtroom 920
Central Islip, New York, 11722

Re: Marcos Mejia v. Gulf2Bay Softwash Corp. et al.
Civil Case No.: 19 CV 05286

Dear Judge Tomlinson:

The undersigned represents the Plaintiff in the above mentioned matter and responds to Defendants' December 20, 2019, motion seeking to mark off Plaintiff's motion for conditional certification until issue is joined.

Plaintiff Marcos Mejia initiated this action by filing his initial complaint on September 17, 2019. Defendants requested a pre-motion conference to dismiss Plaintiff's Collective and Class Action Complaint. On December 5, 2019, Plaintiff filed an Amended Complaint, curing all of the objections Defendants raised in their pre-motion letter to Judge Azrack. On December 16, 2019, Plaintiff served and/or filed his motion for collective action certification pursuant to 29 U.S.C 216(b) of the Fair Labor Standards Act. On December 19, 2019, Defendants renewed their motion to dismiss alleging pleading insufficiency pursuant to Lundy.

Plaintiff objects to having his motion marked off until issue is joined. Cases such as the one at bar are routinely adjudicated while a motion to dismiss is pending. In Chime v. Peak Sec. Plus Inc., 137 F Supp. 3d. 183( E.D.N.Y 2015) Judge Kuntz adopted Judge Pohorelsky's Report and Recommendation conditionally certifying the class as a collective pursuant to 216(b) and recommending that defendants' motion to dismiss be denied in its entirety. Id. Similarly, in Marcial v. New Hudson Family Restaurant Inc., 2019 WL 1900336(S.D.N.Y 2019), Judge Nelson S. Roman ruled on a motion to dismiss and a pending motion for conditional certification pursuant to 216(b) of the Fair Labor Standards Act simultaneously. The Court in Marcial granted in part and denied in part the parties respective motions. See also Anjum v. J.C Penny Co., 2014 WL 5090018(E.D.N.Y)( The Court considered Defendant's Rule 12(b)(6)

motion to dismiss the complaint for failure to state a claim, which was based primarily on the exacting pleading standard set forth in Lundy v. Catholic Health System of Long Island Inc., 711 F.3d 106, 114–15 (2d Cir.2013) while a motion for conditional certification is pending, and an offer of judgment interjected). Juarez v. 449 Restaurant, 29 F. Supp. 3d. 363(S.D.N.Y 2014)(denying Defendants' motion to dismiss on the pleadings and granting Plaintiffs' motion for conditional certification)

                                          Respectfully submitted,
                                          s/s Delvis Melendez
                                          Law Offices of Delvis Melendez

C.C. Noel Tripp, Esq.
Jackson Lewis, P.C.
68 South Service Rd.
Suite 250
Melville, New York, 11747