LAW OFFICES OF DELVIS MELENDEZ, P.C

90 BRADLEY ST. BRENTWOOD, NEW YORK, 11717

631-434-1443

March 12, 2020

Honorable Judge Azrack
United States District Judge
100 Federal Plaza, Courtroom 920
Central Islip, New York, 11722

Re: Marcos Mejia v. Gulf2Bay Softwash Corp. et al.
Civil Case No.: 19 CV 05286

Dear Judge Azrack:

      The undersigned represents the Plaintiffs in the above mentioned matter. On or about March 5, 2020, the parties appeared before Your Honor for a lengthy settlement conference. Present for the conference were Plaintiff Marcos Mejia, Defendant David F. Jarett, Delvis Melendez, attorney for Plaintiff and Noel Tripp attorney for Defendants. Your Honor actively participated in bring about a resolution of the matter via settlement. Plaintiffs now move for enforcement of the oral settlement agreement entered into by the parties before Your Honor.

      Before Your Honor departed it was established by the parties that the matter would be settled for forty thousand ($40,000) over a 6-month period of time. It was established that the Defendants would make an initial payment of ten thousand ($10,000) dollars and monthly payments of five thousand dollars thereafter. It was further agreed that the Defendants would provide a Confession of Judgment for said amount minus monies paid plus twenty-five (25%) percent in liquidated damages. It was further established that the settlement proceeds, in regards to the Plaintiffs, would be declared fifty (50%) percent W-2 wages and fifty (50%) percent liquidated damages. Those were the exact and only terms agreed to before the matter was settled before Your Honor.

      On or about March 10, 2020, Defendants provided Plaintiffs with a proposed settlement agreement. The proposed settlement agreement includes terms not agreed upon by the parties, nor were they declared by Your Honor as a provision of the settlement. Specifically, Defendants seek to renegotiate the oral settlement by insisting on a confidentiality provision. Plaintiffs are opposed to a confidentiality provision and would not have agreed to the settlement of the matter, if it was a

condition of the settlement. Moreover, during the settlement conference not once did the Defendants mention a confidentiality provision. Defendants were aware that the terms agreed to before Your Honor would close the deal. It was further understood that the terms agreed to were unequivocal and unconditional. Plaintiffs contend the Defendants are bound by the oral settlement and seek to enforce it. See Alvarez v. City of New York 146 F. Supp. 2d. 327(S.D.N.Y 2001)(holding oral settlement agreement entered into by parties at a settlement conference are binding upon the parties.) See also, Conway v. Brooklyn Union Gas Comp, 236 F. Supp. 2d. 241(E.D.N.Y 2002) (Judge Gerson, granting Defendant's motion for enforcement of settlement. Plaintiff intended to be bound, by oral agreement).

Defendants accepted the terms of the settlement as proposed by the Court and cannot now allege other terms remain. Defendants entered into a binding oral agreement. Plaintiffs respectfully request that the Court enforce the agreement as it was agreed to before Your Honor.

    Respectfully submitted,
    s/s Delvis Melendez
    Law Offices of Delvis Melendez

C.C. Noel Tripp, Esq.
Jackson Lewis, P.C.
68 South Service Rd.
Suite 250
Melville, New York, 11747