June 26, 2020

<u>VIA ECF</u>

Hon. Joan M. Azrack
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

                    Re:     Marcos Mejia, et al. v. Gulf2Bay Softwash Corp. et al,
                             Civ. No.: 19-cv-05286

Dear Judge Azrack:

This joint letter is submitted on behalf of Marcos Mejia and Thiago Paschoalotti ("Plaintiffs") and Defendants in the above action. Defendants take no position with respect to Section III (attorneys' fees), except to state that all parties believe the settlement is a fair and reasonable resolution of disputed issues under the supervision doctrine. *Cheeks v. Freeport Pancake House*, Inc., 796 F.3d 199, 203 (2d Cir. 2015) *citing Lynn's Food Stores, Inc. v. United States Dep't of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982). Counsel for the parties jointly respectfully request that Your Honor approve the parties' proposed Settlement Agreement resolving Plaintiffs' claims arising under the Fair Labor Standards Act ("FLSA") attached as **Exhibit 1**, and dismiss this case with prejudice pursuant to the Stipulation attached as **Exhibit 2**.

I.      **Background: Claims and Defenses**

As the Court is aware from the settlement conference conducted on March 5, 2020 and subsequent settlement proceedings (Minute Entry 03/26/2020), Plaintiffs were employees who worked for both corporate Defendants for a time and allege they did not receive overtime premium pay under the FLSA, as well as technical violations of NY law. [1] The parties presented *bona fide* disputes regarding Plaintiffs' hours worked and whether employees of Defendant North American Chimney were paid in conformity with 29 U.S.C. § 207(i). [2] With the Court's assistance, they

---

[1] As this court very recently observed, the supervision requirement does not apply to resolution of New York Labor Law claims, which may be waived by private agreement. *Tortomas v. Pall Corp.*, No. 18-CV-5098 (JMA)(SIL), 2020 U.S. Dist. LEXIS 97159 (E.D.N.Y. May 31, 2020)(Azrack,J). *See also Wright v. Brae Burn Country Club, Inc.,* 2009 U.S. Dist. LEXIS 26492, 2009 WL 725012, at *4 (S.D.N.Y. Mar. 20, 2009) ("There is no express restriction on the private settlement of waiver of wage and hour claims under New York law."); *Simel v. JP Morgan Chase*, 2007 U.S. Dist. LEXIS 18693, at *14-16 (S.D.N.Y. Mar. 19, 2007)(upholding release of New York Labor Law claims); *Amaya v. Garden City Irrigation, Inc.*, 2011 U.S. Dist. LEXIS 15316, at *4-5 (E.D.N.Y. Feb. 15, 2011)("The district courts of this circuit have roundly rejected" attempts to extend the FLSA supervision doctrine to claims under New York law).

[2] Defendants, small businesses operating out of Bay Shore (LI), also asserted an inability to pay a large judgment.

ultimately reached agreement, assigning $10,000 to Plaintiffs' FLSA claims, reflecting a compromise on the disputed issues. The parties respectfully request that Your Honor approve the FLSA settlement, and dismiss this action, in conformity with this Court's past practice. *See Rodgers v. Faculty-Student Association of the State University of New York at Stony Brook, Inc. et al.*, E.D.N.Y. Case Number 17-cv-2466 at Minute Order (July 19, 2018).[3]

## II.    The Proposed Settlement should be Approved

A court may approve a settlement of FLSA claims where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174, at *2 (E.D.N.Y. June 12, 2008) (*quoting Lynn's Food Stores, Inc. v. United States*, 679 F.2d at 1354). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *Beckman v. KevBank, N.A.*, 293 F.R.D. 467, 476 (S.D.N.Y. 2013) (Ellis, M.J.), *citing Lynn's Food*, 679 F.2d at 1353-54. "Generally there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliauichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein M.J.) (internal quotation marks omitted).

The Parties – with the Court's assistance– agreed that *bona fide* disputes existed regarding, *inter alia*, (1) the amount of any overtime damages based on the parties' vigorous dispute concerning hours worked; and (2) the applicability of 7(i). Pursuant to the terms of the settlement agreement, Defendant is paying the total sum of Ten Thousand Dollars and Zero Cents ($10,000.00) to resolve Plaintiffs' FLSA claims.[4] Considering the numerous risks in this case, Plaintiffs' counsel believes that this settlement is a good result for Plaintiffs, and it should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement."). Defendants defenses which would

---

[3] The FLSA Settlement Agreement submitted herewith is modeled on the agreement approved by Your Honor in *Ponce*.

[4] Plaintiffs have separately resolved their non-FLSA claims, as in *Rodgers*. *See Yunda v. SAFI-G, Inc.*, 2017 U.S. Dist. LEXIS 65088 (S.D.N.Y. Apr. 28, 2017)("such a bifurcated settlement agreement is permissible" under *Cheeks*); *Abrar v. 7-Eleven, Inc.*, 2016 U.S. Dist. LEXIS 50416, at *3 (E.D.N.Y. Apr. 14, 2016) (approving "bifurcated settlement structure" with review of FLSA settlement under *Cheeks* and confidential settlement of non-FLSA claims); *Santos v. Yellowstone Properties, Inc. et al.*, S.D.N.Y. Case No. 15-cv-03986 Dkt. 26, 30 5/10/16; *Brown v. Advanced Tattoo Management Consulting, Corp. et al.*, E.D.N.Y. Case No. 15-cv-436 (ARL) Dkt. 35, 36, 05/17/16; *Chowdhury v. Brioni America, Inc.*, 16-CV-344 (HBP) (November 29, 2017) (Pitman, M.J.). "Judges in this District routinely approve `bifurcated settlement agreement[s], in which the parties submit their FLSA agreement for court review and approval . . . but enter into a separate [agreement]" that addresses the non-FLSA claims, which does not require judicial and may contain provisions that would be impermissible under *Cheeks.'* *Chowdhury,* quoting *Ortiz v. Breadroll, LLC*, 16-CV-7998 (JLC), 2017 WL 2079787 at * 2 (S.D.N.Y. May 15, 2017).

have substantially limited the recovery, even if Plaintiffs ultimately prevailed at trial, with all the corresponding risks and delay.

This settlement thus constitutes a classic compromise of contested issues, reached based on arm's length negotiations between experienced FLSA counsel assisted by the Court, .

The terms of the FLSA Settlement Agreement are in accordance with the decision of *Cheeks v. Freeport Pancake House, Inc*., No. 14-299 (2d Cir. 2015). The settlement allows for the settlement agreement to be publicly filed for the purpose of judicial review for fairness. The settlement agreement does not contain any confidentiality or non-disparagement provisions, and the release is limited to FLSA claims.

## III.    <u>The Attorneys' Fees Are Fair and Reasonable</u>

Defendants agree to pay Plaintiff's attorneys' fees in the amount of one-third of the settlement payment.  Fees of one-third of the settlement are routinely approved in FLSA actions, and the parties agree that such fees and costs are fair and reasonable. Contingency fees of one-third in FLSA cases are routinely approved in this Circuit.  *Santos v. EL Tepeyac Butcher Shop Inc.*, 15-CV-814, 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015).  This one-third contingency - agreed upon by Plaintiffs in their retainer agreements and substantially less than Plaintiffs' Counsel's lodestar relating to the FLSA claim, as discussed below - is regularly approved in this circuit in FLSA cases.  *See Chandler v. Total Relocation Services, LLC,* 15 Civ. 6791 (HBP), 2017 WL 3311229, at *4 (S.D.N.Y. Aug. 2, 2017)("Contingency fees of one-third in FLSA cases are routinely approved in this circuit."); *see also Najera v. Royal Bedding Co., LLC*, No. 13-CV-1767 (NGG)(MDG), 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015) ("one-third contingency fees [] are commonly accepted in the Second Circuit in FLSA cases."); *Kochilas v. Nat'l Merch. Servs., Inc.*, No. 1:14-CV-00311 (LB), 2015 WL 5821631 (E.D.N.Y. Oct. 2, 2015) (awarding 33% of $60,000 in FLSA case, and stating that the "percentage-of-recovery method . . . is consistent with the trend in this Circuit."); *Rangel v. 639 Grand St. Meat & Produce Corp*., 13 CV 3234 (LB), 2013 WL 5308277, at *1 (E.D.N.Y., Sept. 19, 2013) ("This fee arrangement [of one third of the settlement amount plus costs] is routinely approved by courts in this Circuit.").

Following *Goldberger v. Integrated Resources, Inc.*, 209 F. 3d 43 (2d Cir. 2000), the trend in the Second Circuit has been to apply the percentage method and to loosely use the lodestar method as a "cross check." *Id*. at 50. In calculating the lodestar for cross check purposes, the "hours documented by counsel need not be exhaustively scrutinized by the district court." *Id*. Rather, "the reasonableness of the claimed lodestar can be tested by the court's familiarity with the case . . . ." *Id*.

In the instant matter, Plaintiffs' counsel spent more than 42.20 hours litigating this case. Approximately 21.10 hours were dedicated to resolving the FLSA case alone. This work was performed entirely by the undersigned, Plaintiffs' Counsel Delvis Melendez, Esq., who has more than 22 years of experience handling FLSA cases on behalf of workers.

Accordingly, a multiplication of the hours worked by my hourly rate of $350.00 brings our attorney's fees (for the FLSA portion of this case) to approximately $ 7192.50; an amount which exceeds the amount requested under Plaintiffs' Counsel's contingent fee arrangement. As such, Plaintiffs' Counsel's attorney's fees should be approved as fair and reasonable.

## IV.    Payments Will Be Held in Escrow

To avoid delays, and in conformity with the Settlement, to the extent the deadline for payment precedes approval, Defendants will provide Plaintiffs' Counsel the settlement checks per the attached Settlement, and Plaintiffs' counsel will hold such checks "in escrow" pending Your Honor's approval of the Settlement.   The parties jointly request the Court approve the settlement timely so that, to the extent this occurs, Plaintiffs' counsel can release the checks to Plaintiffs.

## V.    Conclusion

The parties reached a fair and reasonable settlement of all FLSA claims after the voluntary exchange of initial discovery and damages models, Court-appointed mediation, and corresponding settlement negotiations. The settlement amount was recommended by the Court's FLSA Panel Mediator at mediation (the parties agreed upon a Mediator's proposal).  The parties respectfully request that Your Honor approve the attached settlement and dismiss this action.

Respectfully submitted,

| LAW OFFICE OF DELVIS MELENDEZ P.C. | JACKSON LEWIS P.C. |
|---|---|
| *ATTORNEYS FOR PLAINTIFFS* | *ATTORNEYS FOR DEFENDANTS* |
| 90 Bradley Street | 58 South Service Rd., Ste. 250 |
| Brentwood, NY 11717 | Melville, New York  11747 |
| (631) 434-1443 | (631) 247-0404 |
| | |
| By: _____s/_____ | By: _____s/_____ |
| DELVIS MELENDEZ, ESQ. | NOEL P. TRIPP, ESQ. |

# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

MARCOS MEJIA, On behalf of himself and
others similarly situated

                                   Plaintiff,

               -against-

GULF2BAY SOFTWASH CORP., NORTH
AMERICAN CHIMNEY & GUTTER
CORP., DAVID F. JARETT In his individual
capacity

                               Defendants.

-------------------------------------------------------------------x

Civ. Action No.: 19-CV-05286

## <u>SETTLEMENT AGREEMENT REGARDING FLSA CLAIMS</u>

       WHEREAS, Marcos Mejia and Thiago Paschoalotti ("Plaintiffs") and Gulf2Bay Softwash Corp. ("Gulf2Bay"), North American Chimney & Gutter Corp. ("North American"), and David F. Jarett ("Mr. Jarett") (collectively "Defendants") desire to resolve, settle and agree to dismiss with prejudice any and all claims Plaintiffs have made pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 250, <u>et</u> <u>seq.</u>, ("FLSA Claims") that were or could have been raised in or by the First Amended Complaint in the above-captioned action (the "Lawsuit"), without further litigation or adjudication;

       WHEREAS, Plaintiffs' FLSA Claims shall be dismissed in their entirety and with prejudice by the Court pursuant to the <u>Stipulation and Order of Dismissal with Prejudice</u> to be executed by Plaintiffs and counsel for the Defendants and so ordered by the Court ("Dismissal"), as set forth below:

       NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES that:

1. **<u>Definition of Parties.</u>**

    a. "Plaintiffs" are defined to include Marcos Mejia and Thiago Paschoalotti, and all presently or formerly affiliated persons, including, but not limited to, their present or former spouse(s), dependents, heirs, assigns, successors, creditors, debtors, lien holders, counsel, and any otherwise affiliated or related persons and entities. If an obligation or right is that of Marcos Mejia or Thiago Paschoalotti alone, they will be referred to as "Mr. Mejia" and "Mr. Paschoalotti."

b.  "Defendants" are defined to include Gulf2Bay, North American, David F. Jarett (and all presently or formerly affiliated persons or entities including, but not limited to, any present or former parent corporations, subsidiaries, divisions, affiliated entities, attorneys, insurers, employee benefit plans, purchasers of assets or stocks, investors, insurers, shareholders, successors, assigns, counsel, administrators, creditors, debtors, board members, officers, partners, directors, agents, fiduciaries, representatives, managerial employees (including, but not limited to, present or former supervisors of Plaintiffs), as well as the incumbent or former managerial employees and representatives of any such entity.  If an obligation is that of Gulf2Bay alone, it will be referred to as "Gulf2Bay."  If an obligation is that of North American alone, it will be referred to as "North American." If an obligation is that of Mr. Jarett alone, he will be referred to as "Mr. Jarett."

2.  **Plaintiffs' Commitments.**  In exchange for the promises set forth in Paragraph "4" below, Plaintiffs agree as follows:

a.  Plaintiffs will execute all documents, including, but not limited to, the <u>Stipulation and Order of Dismissal with Prejudice</u> annexed hereto, that may be needed to settle, waive, dismiss and withdraw, with prejudice, any and all known or unknown FLSA Claims against Defendants existing or which could exist as of the date of the execution of this Agreement.

b.  An order of dismissal with prejudice as to Plaintiffs' FLSA Claims shall be entered upon presentation of said <u>Stipulation</u> by Defendants or by any other entity to any court of competent jurisdiction, administrative agency or other forum where any claim is made or any relief or recovery is sought by, relating to or on behalf of Plaintiffs and all parties shall cooperate fully in seeking such dismissal and will prepare all papers and motions needed to do so.

c.  Except to enforce the terms of this Agreement, Plaintiffs shall not institute, be represented in, participate in or permit to be submitted or filed on Plaintiffs' behalf any claim whatsoever, whether in an individual, class or other action, before any administrative agency, court, or other forum or accept any relief or recovery from or against Defendants.   In the event any class or collective action that is brought against Defendants includes or may include Plaintiffs, Plaintiffs shall immediately withdraw therefrom without obtaining or accepting any relief or recovery upon learning of Plaintiffs' inclusion or will be in breach hereof.

3. **Release of All FLSA Claims by Plaintiffs.** Plaintiffs knowingly and voluntarily release and forever discharges Defendants of and from any and all FLSA Claims of any kind or nature, whether known or unknown, arising up to and as of the date of the execution of this Agreement, which may exist against Defendants, including, but not limited to, the FLSA Claims contained in the Lawsuit and any other FLSA claim whatsoever; and any claim for costs, fees, or other expenses, including, but not limited to, a claim for attorneys' fees or costs.

4. **Consideration.** In exchange for the promises made herein by Plaintiffs, Defendants agree to pay the total sum of ten thousand dollars and zero cents ($10,000.00) ("the Settlement Sum") in eight (8) installments in accordance with the schedule attached hereto as Exhibit B, as follows:

    a. If Dismissal has not occurred by July 1, 2020, Defendants will send the settlement payments due and owing as of that date to counsel for Plaintiffs to hold "in escrow" pending settlement approval.   In the event approval is not granted, counsel for Plaintiffs shall return all such payments to counsel for Defendants.

    b. Payments to Plaintiffs shall be reported 50% as wages on Form W-2 and 50% as non-wage damages reported on Form 1099, with backup withholding as appropriate.  Payments to Plaintiffs' counsel as and for attorneys' fees shall be reported on Form 1099 issued to counsel, Law Offices of Delvis Melendez;

    c. The Parties agree that, for purposes of any forms that may be requested by Defendants in connection with payment, Plaintiffs may, where applicable, indicate "applied for" in any portion that requests a taxpayer identification number;

    d. The settlement payments shall be sent to Plaintiffs' counsel who shall be responsible for distribution of the payments to Plaintiffs.

5. **Non-Admission of Wrongdoing.**  Plaintiffs and Defendants agree that neither this Agreement nor the furnishing of the consideration provided for herein shall be deemed or construed at any time or for any purpose as an admission of any liability or unlawful conduct of any kind by Defendants.

6. **Severability and Modification.**

    a. If any provision of this Agreement is declared illegal or unenforceable by any court, administrative agency or other entity, Plaintiffs and Defendants both agree that the court, administrative agency or other entity has the full discretion to interpret or modify all such provisions to be enforceable and is directed to do so.  To aid in that process, if any such provision is determined to be invalid, illegal or unenforceable, but could be interpreted or modified to be made valid, legal or enforceable by modification thereof, then the party for whose benefit the provision exists, may

make such modification as necessary to make the provision valid, legal, enforceable and consistent with the intent stated in this Agreement and the other party shall sign an agreement or stipulation to adopt that modification.

   b.   If such interpretation or modification is not possible, such provision immediately shall become null and void, leaving the remainder of this Agreement in full force and effect.

7.   **Resolution of Disputes.** Any controversy or claims relating to this Agreement, as well as any other claim, dispute or issue between the Parties, shall be resolved in a proceeding held in and before the United States District Court for the Eastern District of New York, as set forth in the Stipulation attached hereto as Exhibit A.

8.   **Force Majeure Relating to Further Pandemic.** In the event the Governor of New York declares a state of emergency based on an epidemic or pandemic prior to January 27, 2021, Defendants shall be excused from performance hereunder to the extent that the deadline(s) to make remaining payment(s) shall be extended by the number of days equal to the period of emergency.

9.   **Section Headings.** Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

10.  **Entire Agreement.**

   a.   This Agreement (which incorporates as contractual covenants the representations and clauses in the introductory "Whereas" clauses) represents the complete understanding among Plaintiffs and Defendants regarding Plaintiffs' FLSA Claims, and shall be interpreted under New York law, without regard to its conflict or choice of laws provisions, to effect a general and unlimited release of all actual or potential claims, whether known or unknown, that Plaintiffs may have.

   b.   This Agreement can be modified only as provided hereinabove or by a written document, signed by Plaintiffs and Defendants in a document that recites the specific intent to modify this Agreement.

11.  **Competence to Waive Claims.** Plaintiffs are competent to effect a knowing and voluntary release of FLSA Claims as referenced above, as contained herein, and to enter into this Agreement. Plaintiffs are not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired. To the contrary, Plaintiffs have a clear and complete understanding of this Agreement. Plaintiffs are not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair the right to settle and waive all claims referenced herein.

12. **Counterparts**. This Agreement may be executed in counterparts, each of which shall be deemed an original and each of which shall together constitute one and the same agreement. A signed fax or .pdf copy shall, for all purposes, be deemed an original and in full force and effect.

13. **Execution**. The terms of this Agreement are the product of mutual negotiation and compromise between Plaintiffs and Defendants. The meaning, effect and terms of this Agreement have been fully explained to Plaintiffs by their counsel. Plaintiffs fully understand that this Agreement generally releases, settles, bars and waives any and all FLSA claims that Plaintiffs possibly could have against Defendants.

14. **Procedure**. Upon the complete execution of this Settlement Agreement the Parties shall jointly submit to the Court a signed Stipulation in the form attached as Exhibit A, along with this Agreement.

PLAINTIFFS ARE ADVISED THAT THEY HAVE UP TO TWENTY-ONE (21) CALENDAR DAYS TO CONSIDER THIS AGREEMENT AND RELEASE. PLAINTIFFS ALSO ARE ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO SIGNING THIS AGREEMENT AND RELEASE.

PLAINTIFFS AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT AND RELEASE, DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL UP TO TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS SET FORTH ABOVE, PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH THEIR COUNSEL, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL FLSA CLAIMS THEY HAVE OR MIGHT HAVE AGAINST DEFENDANTS.

I affirm that the foregoing has been read to me in Spanish and I understand the contents thereof.

(Confirmo que me ha sido leído en español lo anterior, y lo entiendo.)

Dated: 4/15, 2020

MARCOS MEJIA

Dated: 4/15, 2020

THIAGO PASCHOALOTTI

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

Dated: _____, 2020

PLAINTIFFS

_____
MARCOS MEJIA

_____
THIAGO PASCHOALOTTI

Dated: _____, 2020

DEFENDANTS:

GULF2BAY SOFTWASH CORP.,
NORH AMERICAN CHIMNEY &
GUTTE DAVID F. JARETT

Dated: _____, 2020

_____
DAVID F. JARETT

6

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:


**PLAINTIFFS**

Dated:  June __, 2020                         _____

                                             **MARCOS MEJIA**


Dated: June __, 2020                          _____

                                             **THIAGO PASCHOALOTTI**



**DEFENDANTS:**

**GULF2BAY SOFTWASH CORP.,
NORH AMERICAN CHIMNEY &
GUTTE DAVID F. JARETT**

Dated:  June __, 2020                         _____

                                             **DAVID F. JARETT**

6

# EXHIBIT  A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------x    *VIA ECF*

MARCOS MEJIA, On behalf of himself and
others similarly situated

                                     Plaintiff,

         -against-                                 Civ. Action No.: 19-CV-05286

GULF2BAY SOFTWASH CORP., NORTH
AMERICAN CHIMNEY & GUTTER
CORP., DAVID JARETT In his individual
capacity

                                Defendants.

----------------------------------------------------------x

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiffs and Defendants that,
the parties' SETTLEMENT AGREEMENT REGARDING FLSA CLAIMS ("Agreement")
having been found to constitute a fair and reasonable compromise of a *bona fide* dispute, this
action is dismissed, with prejudice, in its entirety and with no award of attorneys' fees, costs or
disbursements to Plaintiff or Defendants by the Court.  Pursuant to the terms of the Agreement,
the Court retains jurisdiction over disputes between the parties for purposes of enforcement of
the settlement.

LAW OFFICE OF DELVIS MELENDEZ            JACKSON LEWIS P.C.
*Attorneys for Plaintiffs*                         *Attorneys for Defendants*
 90 Bradley St.                                   58 South Service Road, Suite 250
 Brentwood, New York 11717             Melville, New York 11747

By:_____

    Delvis Melendez, Esq.                    By:_____

                                          Noel P. Tripp, Esq.

Dated: _____        Dated:_____

SO ORDERED on this ___ day of _____, 2020,

_____
U.S.D.J. AZRACK

# EXHIBIT B

| Date | Law Offices of Delvis Melendez | Marcos Mejia | Thiago Paschoalotti |
|------|-------------------------------|--------------|---------------------|
| 7/1/2020 | $416.67 | $416.67 | $416.67 |
| 7/31/2020 | $416.67 | $416.67 | $416.67 |
| 8/30/2020 | $416.67 | $416.67 | $416.67 |
| 9/29/2020 | $416.67 | $416.67 | $416.67 |
| 10/29/2020 | $416.67 | $416.67 | $416.67 |
| 11/28/2020 | $416.67 | $416.67 | $416.67 |
| 12/28/2020 | $416.67 | $416.67 | $416.67 |
| 1/27/2021 | $416.67 | $416.67 | $416.67 |

4824-4207-1232, v. 1

# EXHIBIT 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------- X        ***VIA ECF***

MARCOS MEJIA, On behalf of himself and
others similarly situated

                                        Plaintiff,

                                                           Civ. Action No.: 19-CV-05286

            -against-

GULF2BAY SOFTWASH CORP., NORTH
AMERICAN CHIMNEY & GUTTER
CORP., DAVID JARETT In his individual
capacity

                                        Defendants.

------------------------------------------------- X

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiffs and Defendants that,
the parties' SETTLEMENT AGREEMENT REGARDING FLSA CLAIMS ("Agreement")
having been found to constitute a fair and reasonable compromise of a *bona fide* dispute, this
action is dismissed, with prejudice, in its entirety and with no award of attorneys' fees, costs or
disbursements to Plaintiff or Defendants by the Court. Pursuant to the terms of the Agreement,
the Court retains jurisdiction over disputes between the parties for purposes of enforcement of
the settlement.

LAW OFFICE OF DELVIS MELENDEZ                JACKSON LEWIS P.C.
*Attorneys for Plaintiffs*                   *Attorneys for Defendants*
90 Bradley St.                               58 South Service Road, Suite 250
Brentwood, New York 11717                    Melville, New York 11747

By:_____                 By:_____
    Delvis Melendez, Esq.                          Noel P. Tripp, Esq.

Dated: 4/25/2020                             Dated: 6/26/2020


SO ORDERED on this ___ day of _____, 2020,

_____
            U.S.D.J. AZRACK